IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| SHARITA PANKEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No. 1:12-00054 |
| MYRON BATTS, Warden, | ) ) ) |
| Respondent. | ) ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 12, 2012, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner argues that the Bureau of Prisons is improperly denying her 6-months Residential Re-entry Center [RRC] placement. (Id.) Specifically, Petitioner appears alleges that the BOP is denying her review on an individual basis as required by the Second Chance Act of 2007. (Id.) Petitioner, therefore, requests that the Court order that she receive 6-months of RRC placement. (Id.)

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[2] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on September 12, 2012.

docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: September 29, 2014.

R. Clarke VanDervort
United States Magistrate Judge